

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| VINCENT MISSOURI, § | | |
| Petitioner, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 8:18-2786-MGL |
| § | | |
| RANDALL WILLIAMS, Warden, § | | |
| Respondent. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING THE PETITION**

Petitioner Vincent Missouri (Missouri), a self-represented state prisoner, filed this case as a 28 U.S.C. § 2254 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent Randall Williams's (Williams) motion for summary judgment be granted and Missouri's petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 14, 2019, and the Clerk of Court entered Missouri's objections on April 1, 2019. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As a preliminary matter, the Court notes there is no dispute Missouri has satisfied the exhaustion requirements of Section 2254. As a matter of clarification, however, the Court notes the South Carolina Supreme Court has "declare[d] that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals . . . to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (1990).

On October 31, 2014, as per Missouri's plea agreement with the State, he pled guilty to two counts of bank robbery. Although he had earlier indicated to Judge L. Verdin he wanted to represent himself, there is no mention of that at his plea hearing before Judge James R. Barber, III (Judge Barber).

Judge Barber sentenced Missouri to concurrent ten-year sentences on each count and ordered his sentences run consecutive to an earlier imposed twenty-year sentence. Missouri failed to file a direct appeal as to his plea. Instead, he filed a pro se Post-Conviction Relief (PCR) Application in state court.

The PCR court denied and dismissed Missouri's petition, and the South Carolina Supreme Court denied his petition for cert. Missouri then filed his Section 2254 petition with this Court. He raises four grounds for relief:

> GROUND ONE: That Petitioner is being held in custody in violation of his Sixth Amendment right to have represented himself.

>  *****
>
>  GROUND TWO: Denial of effective assistance of counsel during PCR stages, in violation of Petitioner's Sixth Amendment right.
>
>  *****
>
>  GROUND THREE: That the state court lacked subject-matter-jurisdiction to accept the guilty plea.
>
>  *****
>
>  GROUND FOUR: Denial of Due Process, in "Failing to timely hold a hearing into Petitioner's request to represent himself."

Report 7-8.

The Magistrate Judge suggests Grounds One and Four are procedurally barred, and Grounds Two and Three are non-cognizable as Section 2254 claims. Missouri make no specific objections regarding Grounds Two and Three, but argues Grounds One and Four, which concern his right to represent himself in his state proceedings, are not procedurally barred. In support, he cites to a recent case from the South Carolina Supreme Court, *Osbey v. State*, 825 S.E.2d 48 (2019).

In *Osbey*, the PCR applicant, Robert Osbey (Osbey), pled guilty without counsel to several drug charges. *Id* at 49. Osbey, like Missouri, failed to file a direct appeal, but timely filed a PCR application in which he argued he did not waive his right to counsel. *Id*. at 50. The PCR court denied his petition. *Id*. After Osbey appealed to the South Carolina Supreme Court, however, it concluded there is "an insufficient basis on which to find Osbey actually understood the dangers of self-representation." *Id*. at 51. Accordingly, it granted him a new trial. *Id*.

According to Missouri, "the right to counsel" is the same as "the right to represent [ones]elf." Objections 3. Therefore, Missouri claims, because Osbey was not procedurally barred from raising

his claim of not having an attorney at his plea hearing, Missouri's claim of not being allowed to represent himself should not be procedurally barred either. *Id.* at 4.

But, Osbey was without counsel at his plea, and he neglected to object to the plea court's decision he would proceed without counsel. Because he failed to object, the issue of his being self-represented was not preserved as an appealable issue. Thus, he did not have the option of filing a direct appeal on the issue. *See In re Walter M.*, 688 S.E.2d 133, 136 (S.C. Ct. App. 2009) ("Generally, an issue must be both raised to and ruled upon by the trial court in order to be preserved for appellate review.")

Consequently, Osbey's only option was to raise the issue of his waiver of his right to counsel being unknowing and involuntary in his PCR application. *See State v. McKinney*, 292 S.E.2d 598, 599 (1982) ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through . . . [a petition for] Post–Conviction Relief."). Missouri, on the other hand, had counsel at his plea hearing and, as detailed below, gave no indication whatsoever he objected and wanted to represent himself.

To the extent Missouri attempts to establish cause and prejudice to overcome the procedural bar by arguing his plea counsel failed to follow his instructions to file an appeal after his October 31, 2014, plea, the PCR court concluded the argument was not credible. According to that court, at Missouri's plea hearing, he

> was sworn to tell the truth at the plea proceeding. The plea transcript establishes that he was satisfied with plea counsel's services, he understood the negotiated sentence, and he desired that the plea judge accept the plea and impose the negotiated sentence. It is apparent he was fully engaged with the plea judge during the proceeding. However, at the PCR hearing, [Missouri] testified that he did not testify truthfully to the plea judge just so he could move his case along to the PCR stage and pursue a PCR claim that his right to

4

> represent himself had been violated. I conclude that [Missouri] had numerous opportunities during the plea colloquy to express that desire to the plea judge, but he did not do so. I find his testimony at the plea proceeding was truthful and that his testimony at the PCR hearing was not truthful. My conclusion that the applicant did not request an appeal is further based on the fact that I find credible plea counsel's testimony that he does not recall that the applicant told him he wanted to appeal. He explained to the court the PD office's procedure that was in place and that had the applicant notified him he wanted to appeal, an appeal would have been filed.

*Id.* at 167.

The Court "must be especially deferential to the state PCR court's findings on witness credibility, and it will not overturn the court's credibility judgments unless its error is stark and clear[.]" *Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2012) (citations omitted) (internal quotation marks omitted) (alteration marks omitted). Inasmuch as the Court has failed to find any such error, it adopts the state PCR's credibility determination. As such, the Court concludes Missouri has failed to establish cause and prejudice to overcome the procedural bar.

Missouri's remaining arguments are either fully and correctly discussed in the Report, which the Court need not repeat here, non-specific, or so lacking in merit as to require no analysis.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Missouri's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Williams's motion for summary judgment is **GRANTED** and Missouri's petition is **DENIED**.

To the extent Missouri requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2019, in Columbia, South Carolina.

                                         s/ Mary Geiger Lewis
                                         MARY GEIGER LEWIS
                                         UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.